### LUTHER M. SHERMAN *vs.* CHARLES G. MATTHEWS.

A person who has from the owner of a horse a paper, intended as a mortgage of the horse, but which by a clerical error is defective, and also a verbal license to take the horse under the supposed mortgage, is not answerable in tort for taking him from the possession of a person who has no title except under another claiming to be the owner.

ACTION OF TORT for the conversion of a horse. Answer, denial of the plaintiff's property and of the conversion.

At the trial in the superior court, the plaintiff testified that in January 1859 he obtained the horse in dispute (which was a cream-colored horse) by exchange with one Dyer, who had obtained him by exchange from Roswell Hubbard; and that the defendant took him from his possession in Pittsfield, although forbidden by the plaintiff so to do.

The defendant introduced evidence that in October 1858 John W. Carver, being then the owner of the horse, gave the defendant, in order to secure a debt which he owed the defendant, a mortgage of "one cream-colored with silver mane and tail, which I bought of Frank Dowley;" that five or six weeks before the taking sued for, Carver verbally directed the defendant to take the horse under his mortgage, and that he might call on Frank Hubbard in Otis, where the horse was; that the defendant called there accordingly, but could not find the horse, and that the first time he saw the horse afterwards was on the plaintiff's farm in Pittsfield, when he reclaimed him "by virtue of his mortgage and by said order of said Carver."

The defendant offered the evidence of Carver to prove "that he (Carver) bought a cream-colored horse with silver mane and tail, of Frank Dowley, and made said mortgage to the defendant, intending to mortgage said horse to the defendant, and that he was not aware of any ambiguity in the mortgage until some time after the defendant reclaimed the other horse." *Putnam,* J. ruled "that the mortgage was not subject to explanation by testimony, and that the mortgage had no tendency to prove the mortgage of a horse any more than the mortgage of a bull,

Sibley *v.* Hulbert.

and that he should so charge the jury;" and afterwards instructed the jury "that the plaintiff, having taken this horse for a valuable consideration, from a person claiming the ownership, his title would avail in this action as against the defendant, unless the defendant could show a better title or claim ; that the paper, which parties supposed to be a mortgage, gave the defendant no title; and that if the jury found that the possession was taken by the defendant after the time when the plaintiff had so purchased the horse by virtue of this order from Carver to take possession for the purpose of foreclosure, under what the parties thus supposed to be a mortgage, these circumstances alone would not give the defendant any right to the horse as against the plaintiff in this case." The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*H. W. Bishop*, for the defendant.

*J. N. Dunham*, for the plaintiff.

BY THE COURT. A person who has a paper given him by the owner of a horse, intended as a mortgage of the horse, but which by a clerical error is defective, and who has also a verbal license from the owner to take the horse under the supposed mortgage, is not answerable in tort, for taking the horse, to the person in whose possession the horse was found, but who had no right to the possession.                  *Exceptions sustained.*